IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PATTERSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DETENTION<br><br>Case No. 2:22-CR-491-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Detention by District Judge, requesting that the Court reverse the detention order imposed by Magistrate Judge Dustin Pead on December 27, 2023. The Court conducted a hearing on February 6, 2024, to hear argument from the parties. Following the hearing, the Court took the matter under advisement. For the reasons described herein, the Court affirms the Magistrate Judge's Order of Detention.

I.   BACKGROUND

Defendant is charged as one of 11 defendants in an eight-count Indictment for a single count of Conspiracy to Distribute Methamphetamine in violation 21 U.S.C. §§ 841(a)(1) and 846. Magistrate Judge Dustin Pead first conducted a detention hearing on December 27, 2022. At the conclusion of that hearing, Magistrate Judge Pead ordered Defendant detained.

On December 8, 2023, Defendant filed a Motion for Review of Detention Based Upon Change of Circumstances.[1] The changed material circumstances Defendant alleged are that he

---

[1] Docket No. 225.

has been accepted to the Odyssey House treatment program.[2] Magistrate Judge Pead conducted a hearing on the Motion on December 27, 2023, and found good cause to reopen the issue of detention, but ultimately ordered that Defendant remain detained. Defendant filed a Motion for Review of Detention by District Judge on January 10, 2024. The Court held a hearing on Defendant's Motion on February 6, 2024.

## II. STANDARD OF REVIEW

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts a de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[3] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[4]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[5]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of

---

[2] *Id.* at 2.

[3] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under § 3145(a) is de novo).

[4] *Lutz*, 207 F. Supp. 2d at 1251.

[5] 18 U.S.C. § 3142(b), (c), and (e).

conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."

In this case, Defendant is charged with conspiracy to distribute methamphetamine, punishable under 21 U.S.C. § 841(b)(1), which carries a maximum term of life imprisonment. The Indictment constitutes probable cause that Defendant participated in the acts alleged.[6] Therefore, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[7]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence.[8] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

---

[6] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[7] *Id.* at 1354–55.

[8] *Cisneros*, 328 F.3d at 616.

3

  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[9]

### III. DISCUSSION

The primary basis on which Defendant relies in arguing for release is his acceptance to the Odyssey House treatment program. Defendant's counsel also argued at the hearing before this Court that Defendant's extensive criminal history is mostly tied to his drug addiction and that, while he has participated in the CATS program, he has not participated in an inpatient drug treatment program like that offered at Odyssey House. Defendant maintains that he is sincere in his desire for sobriety. He also argues that he has not had any disciplinary issues while incarcerated. Finally, Defendant acknowledges his history of failing to appear, but argues that conditions, such as ankle monitoring in concert with requiring participation in Odyssey House, will adequately address any risk of flight he poses.

Based on these representations, the Court finds that Defendant has met his burden of production to rebut the presumption of detention. Thus, the burden remains with the government to prove risk of flight or dangerousness. The Court will next analyze each of the § 3142(g) factors in light of the presumption and presented evidence and arguments.

First, the Court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance. Here, Defendant is charged with participating in a drug trafficking organization ("DTO") that was bringing roughly 60 to 65 pounds of methamphetamines to Utah each month. At the hearing, the government represented that Defendant is alleged to have purchased roughly a quarter pound of methamphetamine on a

---

[9] 18 U.S.C. § 3142(g).

weekly basis for distribution in furtherance of the DTO's efforts. The government also noted concern with Defendant's association with certain drug organization members, who are alleged to have committed a murder during the time they were under surveillance. However, the government does not have evidence and does not suggest that Defendant participated in that crime. Although the evidence suggests that Defendant is a low-level player in the underlying distribution scheme, the government alleges that the Defendant is facing a guideline range of 235 to 285 months' imprisonment due to both the amount of drugs alleged to be involved in the underlying crime and his extensive criminal history. Based on the underlying crime and the length of the potential prison sentence, the Court finds this factor weighs in favor of detention.

Second, the Court considers the weight of the evidence. The Indictment provides probable cause that Defendant committed the charged offense. Based on the Indictment and the evidence proffered by the government, the Court finds that this factor weighs in favor of detention.

Third, the Court considers the history and characteristics of the person. Weighing against detention, Defendant represents he has support from several family members and friends who have offered to house Defendant following his completion of drug treatment and support him in obtaining sobriety. He also represents that he has had no behavioral issues while incarcerated and has obtained the longest period of sobriety he has experienced in his adult life while incarcerated.

Weighing in favor of detention is Defendant's extensive criminal record, much of which is drug related. Defendant's criminal history shows a habitual failure to appear and comply with court orders. The government noted that in the nine years leading up to the instant offense, approximately 30 warrants were issued against Defendant for his failure to appear or comply with court orders. The government further noted that Defendant was on probation for a 2018

distribution of controlled substance felony when arrested for the instant offense, and that he has five open cases brought between 2021 and 2022, including a new felony drug charge.

Defendant acknowledges he has a significant history of drug use and addiction. However, he represents he has a strong desire to be maintain his sobriety. He participated in and successfully completed the CATS program in 2017 and an outpatient drug treatment program called Changes in 2019, but represents he has never participated in an inpatient program like Odyssey House, which he believes is necessary for his success. The government noted, and the Court finds it is significant, that after completing his previous drug treatment programs, Defendant reoffended a relatively short time later. On balance of each party's above-described arguments, the Court finds that, despite Defendant's seemingly sincere desire for sobriety and recent good behavior while incarcerated, Defendant's lengthy criminal history and numerous failures to appear or comply cause this factor to weigh in favor of detention.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For reasons set forth above regarding Defendant's drug distribution allegations and significant criminal history, the Court finds that this factor also weighs in favor of detention.

Based on the Court's consideration of the each of the above factors, the Court finds that the government has met its burden in proving by a preponderance of the evidence that Defendant poses a risk of flight and in proving that the defendant poses a danger to the community by clear and convincing evidence. The Court will therefore affirm the Magistrate Judge's Order of Detention.

IV. CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Order of Detention (Docket No. 233) is AFFIRMED.

DATED this 7th day of February, 2024.

BY THE COURT:

Ted Stewart
United States District Judge